**WO**                                                                                                          SC

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Paul De Los Rios, | No. CV 06-1174-PHX-MHM (DKD) |
| Plaintiff, | **ORDER** |
| vs. | |
| Joseph M. Arpaio, et al., | |
| Defendants. | |

Plaintiff, currently confined in the Towers Jail in Phoenix, Arizona, has filed a *pro se* Complaint pursuant to § 1983. The Court will order Defendants Judy McFarland and D.O. Sutton to answer Counts 1 and 2, respectively, of the Complaint and will dismiss the remaining counts and Defendants without prejudice.

**A.    Application to Proceed In Forma Pauperis & Filing Fee**

Plaintiff's request to proceed *in forma pauperis* will be granted. 28 U.S.C. § 1915(a). Plaintiff must pay the statutory filing fee of $350.00 and is assessed no initial partial filing fee. The remainder of the fee will be collected monthly in payments of 20% of the previous month's income, each time the amount in the account exceeds $10.00. 28 U.S.C. § 1915(b)(2). The Court will enter a separate Order requiring the appropriate government agency to collect the fees according to the statutory formula.

**B.    Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the Plaintiff has raised

claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

## C. Complaint

Plaintiff sues Maricopa County Sheriff Joseph M. Arpaio, M. Akram Bhatti, M.D., a physician for Correctional Health Services ("CHS"), Judy McFarland, LPN, and Detention Officer Sutton in their individual and/or official capacities. Plaintiff alleges seven counts for relief. They are: (1) improper and/or inadequate medical and psychiatric care by Dr. Bhatti and Ms. McFarland; (2) interference with or destruction of personal and legal mail by D.O. Sutton; (3) unsanitary and unhealthy diet; (4) deprivation of property without due process of law and invasion of privacy during a jail transfer; (5) overcrowding and associated conditions; (6) unsanitary living conditions; (7) inadequate heating, cooling, and water, exposure to sewage, denial of recreation and lack of access to a library.

## D. Defendants Arpaio & Bhatti

Plaintiff generally alleges that each of the Defendants "violated my civil rights," but fails to connect Sheriff Arpaio to any of the asserted violations. (Dkt. 1 at 2.)[1] "To sustain an action under section 1983, a plaintiff must show (1) that the conduct complained of was committed by a person acting under the color of state law; and (2) that the conduct deprived the plaintiff of a federal constitutional or statutory right." Wood v. Ostrander, 879 F.2d 583, 587 (9th Cir. 1989). For a person to be liable in his official capacity, a plaintiff must allege that the official acted as a result of a policy, practice, or custom. See Cortez v. County of Los Angeles, 294 F.3d 1186, 1188 (9th Cir. 2001). A supervisor, in his individual capacity, "is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). "A plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights." Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998).

---

[1] "Dkt." refers to the docket number of documents filed in this case.

1   Plaintiff has not alleged that Sheriff Arpaio has enacted or enforced a policy, custom,
2 or practice that resulted in the denial of Plaintiff's civil rights.  Further, Plaintiff has not
3 alleged that Sheriff Arpaio directly violated his constitutional rights or was aware of any
4 violation of his rights but failed to act.  Thus, Plaintiff fails to state a claim against Sheriff
5 Arpaio and he will be dismissed.

6   In count 1, Plaintiff asserts that Dr. Bhatti denied him "proper treatment" by failing
7 to provide him with accurate information about medications, dosages and options and by
8 offering medications on a take it or leave it basis.  (Dkt. 1 at 4.)  To state a claim regarding
9 medical care against a defendant, a plaintiff must allege facts that support that the plaintiff
10 had a serious medical need and that the defendant acted with deliberate indifference to that
11 need.  See Estelle v. Gamble, 429 U.S. 97, 104-05 (1976) (describing standard for convicted
12 inmates); Lolli v. County of Orange, 351 F.3d 410, 418-19 (9th Cir. 2003) (describing
13 standard for pretrial detainees).  Plaintiff fails to allege any conduct by Dr. Bhatti that rises
14 to the level of deliberate indifference, nor does he allege a serious medical need.
15 Accordingly, Dr. Bhatti will be dismissed as a defendant.

16 **E.    Counts 3-7**

17   In Counts 3-7, Plaintiff alleges unconstitutional conditions of confinement but fails
18 to allege any connection between any of the Defendants and those alleged conditions.  To
19 state a valid constitutional claim, a plaintiff must allege that he suffered a specific injury as
20 a result of the specific conduct of a named defendant, and show an affirmative link between
21 the injury and the conduct of the defendant.  Rizzo v. Goode, 423 U.S. 362, 371-72, 377
22 (1976).  Plaintiff fails to connect the allegations in counts 3-7 to any named Defendant.
23 Accordingly, those counts will be dismissed without prejudice.

24 **F.    Claims For Which An Answer Will be Required**

25   In Count 1, Plaintiff asserts that Ms. McFarland crushed time-release medications
26 "knowing they wouldn't work properly" and "placed untrue statements in [his] file and on
27 [his] charts."  (Dkt. 1 at 4.)  Plaintiff further asserts that Ms. McFarland has harassed him and
28 encouraged other staff to harass him resulting in the denial of non-psychiatric medications.

1  (Id.)  Plaintiff sufficiently alleges facts to support a claim for deliberate indifference to a
2  serious medical need against Ms. McFarland and she will be served.
3      In Count 2, Plaintiff asserts that D.O. Sutton has repeatedly opened his legal mail
4  outside his presence, lost, destroyed or damaged both legal and non-legal mail and supplies,
5  and wrongfully rejected approved magazines and books. (Dkt. 1 at 5.)  He states that his life
6  has been endangered by the handling of some of his legal mail.  (Id.)  Plaintiff adequately
7  states a claim against D.O. Sutton for interference with his right to send and receive mail and
8  threats to his safety.  Accordingly, the Court will order service on D.O. Sutton.

9  **G.**   **Warnings**
10     *1. Release*
11     Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release.
12  Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay
13  the balance, or (2) show good cause, in writing, why he cannot.  Failure to comply may result
14  in dismissal.
15     *2. Address Changes*
16     Plaintiff must file and serve a notice of a change of address 10 days before the move
17  is effective, if practicable.  See LRCIV 83.3(d).  Plaintiff shall not include a motion for other
18  relief with a notice of change of address.  Failure to comply may result in dismissal.
19     *3. Copies*
20     Plaintiff must serve Defendants, or their respective counsel if an appearance has been
21  entered, a copy of every document that he files.  FED. R. CIV. P. 5(a).  Each filing must be
22  accompanied by a certificate stating that a copy of the filing was served. FED. R. CIV. P. 5(d).
23  Also, Plaintiff must submit an additional copy of every filing for use by the Court.  LRCIV
24  5.4.  The Court may strike any filing that fails to comply with these requirements.
25     *4. Possible Dismissal*
26     Plaintiff is warned that failure to timely comply with every provision of this Order,
27  including these warnings, may result in dismissal of this action without further notice.  See
28

1  Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (district court may dismiss action
2  for failure to comply with any order of the Court).

3  **IT IS ORDERED:**

4  (1) Plaintiff's Application to Proceed *In Forma Pauperis* (dkt. #1) is **granted**.

5  (2) As required by the accompanying Order to the appropriate government agency,
6  Plaintiff must pay the $350.00 filing fee and is assessed no initial fee.

7  (3) Counts 3-7 and Defendants Arpaio and Bhatti, are **dismissed** without prejudice.

8  (4) Defendants McFarland and Sutton will be required to answer Counts 1 and 2,
9  respectively.

10  (5) The Clerk of Court shall send Plaintiff a service packet including the Complaint
11  (dkt. 1), this Order, and both summons and request for waiver forms for Defendants
12  McFarland and Sutton.

13  (6) Plaintiff shall complete and return the service packet to the Clerk of Court within
14  20 days of the date of filing of this Order. The United States Marshal will not provide
15  service of process if Plaintiff fails to comply with this Order.

16  (7) If Plaintiff does not either obtain a waiver of service of the summons or complete
17  service of the Summons and Complaint on the remaining Defendants within 120 days of the
18  filing of the Complaint or within 60 days of the filing of this Order, whichever is later, the
19  action may be dismissed as to each Defendant not served pursuant to Rule 4(m) of the
20  Federal Rules of Civil Procedure and Local Rule of Civil Procedure 16.2(b)(2)(B)(i).

21  (8) The United States Marshal shall retain the Summons, a copy of the Complaint,
22  and a copy of this Order for future use.

23  (9) The United States Marshal shall notify Defendants of the commencement of this
24  action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal
25  Rules of Civil Procedure. The notice to Defendants shall include a copy of this Order. The
26  Marshal shall file waivers of service of the summons or requests for waivers that were
27  returned as undeliverable as soon as they are received. If a waiver of service of summons
28

is not returned by a Defendant within thirty days from the date the request for waiver was sent by the Marshal, the Marshal shall:

>   (a) Personally serve copies of the Summons, Complaint, and this Order upon the Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure;
>
>   (b) Within 10 days after personal service is effected, file the return of service for the Defendant, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon the Defendant. The costs of service shall be enumerated on the return of service form (USM-285) and shall include the costs incurred by the Marshal for photocopying additional copies of the Summons, Complaint, or this Order and for preparing new process receipt and return forms (USM-285), if required. Costs of service will be taxed against the personally served defendant pursuant to Rule 4(d)(2) and (5) of the Federal Rules of Civil Procedure, unless otherwise ordered by the Court.

(10) **A Defendant who agrees to waive service of the Summons and Complaint shall return the signed waiver forms to the United States Marshal, not the Plaintiff.**

(11) A Defendant shall answer the Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

(12) Any answer or responsive pleading shall identify the specific Defendant by name on whose behalf it is filed. The Court may strike any answer, responsive pleading, or other motion or paper that does not so identify the specific Defendant by name.

(13) This matter is referred to Magistrate David K. Duncan pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for further proceedings.

DATED this 19th day of July, 2006.

_____
Mary H. Murguia
United States District Judge