**WO**                                                                                                          BL

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Paul De Los Rios, ) | No. CV 06-1174-PHX-MHM (DKD) |
| Plaintiff, ) | **ORDER** |
| vs. ) | |
| Joseph M. Arpaio, et al., ) | |
| Defendants. ) | |

Plaintiff Paul De Los Rios filed a *pro se* 42 U.S.C. § 1983 action against Sheriff Joseph M. Arpaio, Dr. M. Akram Bhatti, Nurse Judy McFarland, and Detention Officer Sutton, alleging that his constitutional rights were violated by (1) deliberate indifference to his medical needs; (2) the opening and inspection of his legal mail and the destruction of his non-legal mail; (3) an inadequate and tainted diet; (4) his transportation while in shackles and handcuffs; (5) overcrowding; (6) unsanitary conditions; and (7) conditions of confinement (Doc. #1). The Court dismissed Arpaio and Bhatti and Counts III - VII (Doc. #3). The Court ordered McFarland to answer Count I and Sutton to answer Count II (Id.).

Plaintiff now has filed various motions and seeks to amend his complaint. Plaintiff's Third Motion to Amend will be granted, and the Court will order Bhatti and McFarland to answer Count I, Sutton to answer Count II, and Arpiao to answer Counts II, III, IV, V, VI, and VII. The Court will dismiss Count VIII without prejudice and deny Plaintiff's remaining motions.

**I. Motion to Amend**

Plaintiff moved to file an Amended Complaint, seeking to correct the deficiencies in

1 his Original Complaint that resulted in the dismissal of defendants and claims (Docs. ##6, 2 15).  Plaintiff attached a lodged Amended Complaint to his second Motion to Amend (Doc. 3 #15).  Plaintiff has since filed a third Motion to Amend and lodged a Second Amended 4 Complaint (Docs. ##21, 22).  Plaintiff's first two Motions to Amend will be denied because 5 Plaintiff appears to want to proceed with the Second Amended Complaint.  Plaintiff's third 6 Motion to Amend will be granted and the Clerk of Court will be ordered to file Plaintiff's 7 lodged Second Amended Complaint as a Second Amended Complaint.  Absent extraordinary 8 circumstances, Plaintiff will not be allowed to amend his Complaint again.  The Court will 9 next screen Plaintiff's Second Amended Complaint.

10 **II. Statutory Screening of Prisoner Complaints**

11 The Court is required to screen complaints brought by prisoners seeking relief against 12 a governmental entity or an officer or an employee of a governmental entity.  28 U.S.C. 13 § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff has raised 14 claims that are legally frivolous or malicious, that fail to state a claim upon which relief may 15 be granted, or that seek monetary relief from a defendant who is immune from such relief. 16 28 U.S.C. § 1915A(b)(1), (2).

17 **A. Amended Complaint**

18 In his Second Amended Complaint, Plaintiff names as Defendants Arpaio, Dr. Bhatti, 19 McFarland, and Sutton (Doc. #15).  In Count I, Plaintiff alleged that Dr. Bhatti and 20 McFarland were deliberately indifferent to his medical needs because Dr. Bhatti refused to 21 provide him correct information, lowered his medication, and terminated his medication due 22 to allegations of him "cheeking" the medication (Id.).  Plaintiff argued that McFarland 23 crushed his time released tablets knowing that they would not work properly, caused him to 24 be denied his medication, and encouraged others to harass him (Id.).

25 In Count II, Plaintiff alleged that Sutton improperly inspected his legal mail and 26 rejected non-legal magazine subscriptions, based on policies, customs, and practices 27 instituted by Arpaio (Doc. #15).  In Count III, Plaintiff contended that he had an inadequate 28 and tainted diet due to Arpaio's policy, practice, and customs (Id.).  In Count IV, Plaintiff

1 maintained that pursuant to Arpaio's policy, practice, and custom, he was forced to submit 2 to being transported on multiple occasions, despite the fact that he was placed with inmates 3 who represented a threat to his safety and that he was subjected to insufficient and unsanitary 4 facilities (Id.).

5 Plaintiff also maintained that as a result of Arpaio's policies, practices, or customs, 6 he was subjected to overcrowding (Count V), and unsanitary conditions (Count VI) (Doc. 7 #15). Plaintiff contended that his constitutional rights were violated as a result of the 8 conditions of his confinement (Count VII) (Id.). Finally, Plaintiff alleged in Count VIII that 9 he was denied assistance with legal research information and denied supplies (Id.).

10 **B. Failure to State a Claim**

11 The right of meaningful access to the courts prohibits state officials from actively 12 interfering with inmates' attempts to prepare or file legal documents. Lewis v. Casey, 518 13 U.S. 343, 350 (1996). The right of access to the courts is only a right to bring petitions or 14 complaints to federal court and not a right to discover such claims or even to litigate them 15 effectively once filed with a court. Id. at 354; see also Cornett v. Donovan, 51 F.3d 894, 899 16 (9th Cir. 1995) ("The right of access is designed to ensure that a habeas petition or civil 17 rights complaint of a person in state custody will reach a court for consideration."). The right 18 "guarantees no particular methodology but rather, the conferral of a capability – the 19 capability of bringing contemplated challenges to sentences or conditions of confinement 20 before the courts." Lewis, 518 U.S. at 356.

21 As a matter of standing, for an access to courts claim, a plaintiff must show that he 22 suffered an "actual injury" with respect to contemplated litigation; the plaintiff must 23 demonstrate that the conduct of the defendants prevented him from bringing to court a 24 nonfrivolous claim that he wished to present. Id. at 351-53. An "actual injury" is "actual 25 prejudice with respect to contemplated or existing litigation, such as the inability to meet a 26 filing deadline or present a claim." Id. at 348.

27 In Count VIII, Plaintiff alleged a violation of his right to access the courts because he 28 was denied assistance with legal research information and denied supplies. However,

1 Plaintiff does not have a constitutional right to specific assistance or supplies, merely to be 2 able to pursue his action.  Plaintiff has not alleged, and cannot establish that he was 3 prevented from pursuing the instant action; Plaintiff is proceeding on his Amended 4 Complaint and has been able to file multiple motions.  Accordingly, this Count will be 5 dismissed without prejudice.

6 **C. Claims for Which an Answer Will be Required**

7 At this early stage, Plaintiff sufficiently alleges that Bhatti and McFarland violated 8 his constitutional rights by deliberate indifference to his medical needs (Count I). 9 Defendants Bhatti and McFarland will be ordered to answer this Count.  Plaintiff also 10 sufficiently alleges that Sutton violated his constitutional rights by improperly inspecting his 11 legal mail and rejecting non-legal magazine subscriptions (Count II), and Sutton will be 12 ordered to answer this Count.

13 Plaintiff sufficiently alleged that Arpaio violated his constitutional rights due to his 14 policies, practices, or customs relating to inmate mail (Count II); an inadequate and tainted 15 diet (Count III); inmate transportation and the failure to protect inmates (Count IV); 16 overcrowding (Count V), unsanitary conditions (Count VI), and conditions of confinement 17 (Count VII). (Id.).  Arpaio will be ordered to answer these claims.

18 McFarland and Sutton have already filed a waiver of service and will have 60 days 19 from the filing of this Order in which to answer the Amended Complaint or to file an 20 appropriate motion.  Plaintiff must properly serve Bhatti and Arpaio with the Second 21 Amended Complaint.

22 **III. Remaining Motions**

23 **A. Requests for Extensions and Discovery Motions**

24 Plaintiff requested a 60 day extension on all deadlines with regard to the Court's 25 service order (Doc. #5) and for a continuance (Doc. #9).  However, since Plaintiff timely 26 returned the service packages, as ordered by the Court, and Sutton and McFarland have filed 27 waivers of service and an answer, Plaintiff has meet prior deadlines and is not currently 28 having to defend against any defense motion (Docs. ##3, 7-8, 11).  Accordingly, his requests

1 will be denied as unnecessary.

2 Plaintiff also seeks to compel the Maricopa County Sheriff's Office Inmate Legal
3 Services and Correctional Health Services to deliver information, documentation, statutory
4 and case law, inmate records, and all internal correspondences relating to his imprisonment
5 (Doc. #10).  First, Plaintiff has not filed a formal discovery request and is thus not entitled
6 to an Order Compelling Discovery.  Second, because the Court has yet to issue a scheduling
7 order setting forth the discovery deadlines, Plaintiff is not yet entitled to discovery.  Thus,
8 Plaintiff's motion will be denied.  Moreover, because Plaintiff's motion will be denied,
9 Defendants' Motion to Strike will be denied as moot.

### B. Motions for Injunctive Relief

11 A request for injunctive relief requires that Plaintiff make a showing of "real or
12 immediate threat" of injury.  Hodgers-Durgin v. De La Vina 199 F.3d 1037, 1042 (9th Cir.
13 1999) (quoting City of Los Angeles v. Lyon, 461 U.S. 95, 111 (1983)).  Plaintiff is entitled
14 to preliminary injunctive relief only if he shows either: "'(1) a likelihood of success on the
15 merits and the possibility of irreparable injury, or (2) the existence of serious questions going
16 to the merits and the balance of hardships tipping in [the movant's] favor.  These two
17 formulations represent two points on a sliding scale in which the required degree of
18 irreparable harm increases as the probability of success decreases.'"  MAI Sys. Corp. v. Peak
19 Computer, Inc., 991 F.2d 511, 516-517 (9th Cir. 1993).  Under either formulation of the test,
20 the movant must demonstrate a significant threat of irreparable injury.  AGCC v. Coalition
21 for Economic Equity, 950 F.2d 1401, 1410 (9th Cir. 1991).

22 Plaintiff has filed a Motion to Order Reinstatement of Medications - Issuance of
23 Proper Diet (Doc. #16).  Plaintiff maintained that he is receiving the incorrect prescription
24 and an insufficient diet, and seeks to be placed on a Kosher diet for health reasons (Id.).
25 Plaintiff contended that as a result of the medication and diet issues, he is unable to
26 adequately participate in his defense of his state capital case (Id.).  Plaintiff has introduced
27 no medical evidence in support of his requests.  Moreover, Plaintiff is currently represented
28 by counsel in his state criminal case.  Plaintiff has thus failed to establish a significant threat

1  of irreparable injury. The Court cannot determine if the medication Plaintiff is receiving is
2  appropriate or if what Plaintiff seeks would be detrimental to him. Moreover, if Plaintiff's
3  treatment threatens to impinge on his ability to assist in his defense, Plaintiff's defense
4  counsel would be in a better position to pursue recourse in Plaintiff's state criminal case.
5  Accordingly, Plaintiff's motion will be denied.

6        Plaintiff filed a Motion for Contempt Regarding the Court's Order of Pro Per Status,
7  seeking to have his pro per status recognized by Inmate Legal Services and enforced, and for
8  a contempt order due to the failure to recognize his status thus far (Doc. #17). Plaintiff
9  maintained that Inmate Legal Services denied him pro per status because he is not proceeding
10 without benefit of counsel in his state criminal proceeding (Id.). Plaintiff has referred to the
11 denial of "pro per status" on several occasions (Docs. ##5, 10, 15, 19). Apparently,
12 Maricopa County Sheriff's Office has established "pro per status" for those inmates who are
13 proceeding without counsel in their state criminal case. This status appears to provide the
14 inmate additional access to legal materials and more benefits, including him being able to
15 send paperwork to the Court through the Inmate Legal Service without having to pay for
16 postage. However, in this Court, *pro per* or *pro se* status merely refers to a prisoner's ability
17 to proceed with his § 1983 action without the prepayment of his filing fee. 28 U.S.C. § 1915.
18 This status does not provide Plaintiff additional rights or benefits except those provided to
19 any individual proceeding in the Court, *i.e.* the right to access the Court as provided in Lewis
20 v. Casey, 518 U.S. 343, 350 (1996). Accordingly, because Defendants have not interfered
21 with Plaintiff's right to access the court, Plaintiff's Motion for Contempt will be denied.

22       Plaintiff also filed a Motion for Court Order "To Cease and Desist Tampering with
23 Plaintiff's Legal Documentation," arguing that Sutton searched his cell despite the presence
24 of legal documents with her handwriting "that are irreplaceable" (Doc. #19). Plaintiff
25 maintained that his legal documents were dumped out on another inmate's bed (Id.).
26 Defendants respond that they have not tampered with Plaintiff's documentation (Doc. # 20).
27 Plaintiff has not demonstrated a significant threat of irreparable injury. Plaintiff has not lost
28 any of his documentation, and is not in danger of having his documentation destroyed.

1 Accordingly, Plaintiff's motion will be denied without prejudice. However, if Plaintiff
2 continues to believe that he is being subjected to harassment, Plaintiff may again seek
3 injunctive relief. Plaintiff must file either an affidavit or a statement submitted under penalty
4 of perjury in support of his request, and Defendants must submit affidavits if they hope to
5 successfully defend Plaintiff's requests. See 28 U.S.C. § 1746 (oath requirement may be
6 satisfied when a person declares under penalty of perjury that the submission is true and
7 correct and signs and dates the document).

## VII. Warnings

### A.   Release

Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release. Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay the balance or (2) show good cause, in writing, why he cannot. Failure to comply may result in dismissal of this action.

### B.   Address Changes

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

### C.   Copies

Plaintiff must serve Defendants, or counsel if an appearance has been entered, a copy of every document that he files. Fed. R. Civ. P. 5(a). Each filing must include a certificate stating that a copy of the filing was served. Fed. R. Civ. P. 5(d). Also, Plaintiff must submit an additional copy of every filing for use by the Court. See LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Plaintiff.

### D.   Possible Dismissal

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to

1 comply with any order of the Court).

2 **IT IS ORDERED:**

3 (1) The reference to the Magistrate Judge is withdrawn with respect to the pending motions. All other matters in this action, including any future motion, remain with the Magistrate Judge for disposition as appropriate.

6 (2) Plaintiff's Motions to Amend (Docs. ##6, 15) are **denied.** Plaintiff's Third Motion to Amend (Doc. #21) is **granted**. The Clerk of Court must file Plaintiff's Lodged Proposed Second Amended Complaint (Doc. #22) as a Second Amended Complaint.

9 (3) Plaintiff's Motion for an Extension of Time on All Deadlines (Doc. #5) and Motion for Continuance (Doc. #9) are **denied as unnecessary**.

11 (4) Plaintiff's Motions to Compel Delivery of Information (Doc. #10), to Order Reinstatement of Medications - Issuance of Proper Diet (Doc. #16), for Contempt Regarding the Court's Order of Pro Per Status (Doc. #17), are **denied**.

14 (5) Plaintiff's Motion for Court Order "To Cease and Desist Tampering with Plaintiff's Legal Documentation" (Doc. #19) is **denied without prejudice.**

16 (6) Defendants' Motion to Strike (Doc. #13) is **denied as moot**.

17 (7) Count VIII of the Second Amended Complaint is **dismissed** without prejudice.

18 (8) Defendants McFarlane must answer Count I of the Second Amended Complaint and Sutton must answer Count II of the Second Amended Complaint, or respond by appropriate motion, within 60 days from the filing of this Order.

21 (9) Defendant Bhatti must answer Count I of the Second Amended Complaint and Defendant Arpaio must answer Counts II, III, IV, V, VI, and VII of the Second Amended Complaint.

24 (10) The Clerk of Court must send Plaintiff a service packet including the Second Amended Complaint, this Order, and both summons and request for waiver forms for Defendants Bhatti and Arpaio.

27 (11) Plaintiff must complete and return the service packet to the Clerk of Court within 20 days of the date of filing of this Order. The United States Marshal will not provide

service of process if Plaintiff fails to comply with this Order.

(12) If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and Second Amended Complaint on a Defendant within 120 days of the filing of the Amended Complaint or within 60 days of the filing of this Order, whichever is later, the action may be dismissed as to each Defendant not served. Fed. R. Civ. P. 4(m); LRCiv 16.2(b)(2)(B)(i).

(13) The United States Marshal must retain the Summons, a copy of the Second Amended Complaint, and a copy of this Order for future use.

(14) The United States Marshal must notify Defendants of the commencement of this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal Rules of Civil Procedure. The notice to Defendants must include a copy of this Order. The Marshal must immediately file requests for waivers that were returned as undeliverable and waivers of service of the summons. If a waiver of service of summons is not returned by a Defendant within 30 days from the date the request for waiver was sent by the Marshal, the Marshal must:

    (a)   personally serve copies of the Summons, Second Amended Complaint, and this Order upon Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure; and

    (b)   within 10 days after personal service is effected, file the return of service for Defendant, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon Defendant. The costs of service must be enumerated on the return of service form (USM-285) and must include the costs incurred by the Marshal for photocopying additional copies of the Summons, Second Amended Complaint, or this Order and for preparing new process receipt and return forms (USM-285), if required. Costs of service will be taxed against the personally served Defendant pursuant to Rule 4(d)(2) and (5) of the Federal Rules of Civil Procedure, unless otherwise ordered by the Court.

(15) **A Defendant who agrees to waive service of the Summons and Second**

**Amended Complaint must return the signed waiver forms to the United States Marshal, not the Plaintiff.**

(16) Defendant must answer the Second Amended Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

(17) Any answer or response must state the specific Defendant by name on whose behalf it is filed. The Court may strike any answer, response, or other motion or paper that does not identify the specific Defendant by name on whose behalf it is filed.

DATED this 12th day of March, 2007.

_____
Mary H. Murguia
United States District Judge